## Erskine and Eichelberger *against* Sangston.

A plaintiff in a *scire facias* against a garnishee in foreign attachment, having required the defendant to answer interrogatories, and read them to the jury upon the trial of an issue upon the facts stated therein, the answers must be taken as primary evidence, not requiring of the defendant other proof to establish them.

ERROR to the common pleas of *Cumberland* county.

Erskine and Eichelberger against Sangston. This was a *scire facias* against the defendant as garnishee in a foreign attachment, issued by the plaintiffs against Dennis K. Battie.

The defendant, in answer to the interrogatory put by the plaintiff, admitted that he had in his hands at the time of the service of the attachment, on the 5th of May 1836, 500 dollars, and that there came to his hands, subsequently, 160 dollars 67 cents. But said, that on the 15th of April 1836, the said Battie drew on him, in favour of Samuel Carr, for 500 dollars, which draft was presented to him on the 21st of April, and upon which he indorsed this acceptance. "Accepted, conditionally, whenever I realize the amount out of Mr Battie's books or business, according to the order of D. H. Battie."

The plaintiff denied all the facts stated in relation to the existence or acceptance of this draft. Issue.

Upon the trial of the cause, the defendant offered the draft and acceptance indorsed upon it in evidence.

It was objected to, on the ground that it was not primary, but secondary, evidence of the facts it imports.

By the court (Reed, President). "This is a commercial paper. It is entitled to its legal effects. There is no possibility perhaps of

[Erskine and Eichelberger v. Sangston.]

proving it in any other way. A witness to an acceptance is never taken, and Sangston cannot be a witness. It is a question of fact, whether it was signed or not, and if so, when? Until the paper is before the jury, no evidence can be given."

Objection overruled, and exception taken by the plaintiff.

*Watts*, for plaintiff in error.
*Hepburn*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The plaintiff below having required the defendant in the *scire facias*, as garnishee, to answer interrogatories, in order to show that he had moneys or effects of the defendant in the foreign attachment in his hands, read in evidence the answers of the garnishee on the trial of the cause, that is, of the issue in the *scire facias*. The garnishee, in his answers, admitted that he had in his possession moneys of the defendant in the attachment; but alleged that, before the attachment was served upon him, he had, on a certain day mentioned in his answers, accepted in writing a draft drawn by the defendant in the attachment upon him, in favour of a third person, for value received, which bound him to pay the money over to the holder of the draft. The plaintiff had his election, to require or not to require, just as he pleased, the garnishee to answer interrogatories, upon oath or affirmation, as to the latter's having estate, money or effects of the defendant in the attachment in his possession. The counsel, however, seemed to think that it was of necessity and the only course that could be pursued in a case of a foreign attachment whereby the plaintiff could compel the garnishee in the *scire facias* to put in what may be considered a substitute for a plea in other cases, with a view to have an issue joined for the decision of the court, or court and jury. But it is very clear that such was not the design of the legislature; for they only meant, at most, to put it in the power of the plaintiff in the foreign attachment to compel the garnishee to answer interrogatories, for the purpose of giving evidence in favour of the plaintiff and against himself, if the plaintiff should desire it. Considering then the answers of the garnishee to the interrogatories of the plaintiff as evidence which the plaintiff had a right to use or not, as he pleased, it would seem that after having read in evidence himself the answers to the court and jury, on the trial of the issue in the *scire facias*, without producing and reading the draft and acceptance therein mentioned and referred to, it was perfectly competent, according to all the rules of evidence, for the garnishee to read the latter in evidence; for the draft and acceptance, being mentioned and referred to by the garnishee in his answers, must be considered as forming a part thereof; and that he had a right to insist upon the whole of his answer to any interrogatory being read, when practicable, instead of a part, cannot be questioned. The reading of the draft and acceptance in evidence

[Erskine and Eichelberger v. Sangston.]

was objected to, as it appears, in the court below, on the ground, as was there alleged, of their being only secondary evidence; but their genuineness being established by the oath of the garnishee in his answer, it is clear that they were, when produced, the best evidence themselves of their contents, and therefore rather to be regarded as primary than secondary evidence.

Judgment affirmed.