| The Commonwealth *against* McCoy.

8 W 153
27 SC 219
8 W 153
34 SC 145

In an action upon the official recognizance of a sheriff, to entitle a plaintiff to recover, he must prove that he has sustained damage by his misconduct. It is not sufficient that he shows a misconduct in the officer or omission of his general duty as sheriff, such as not returning a *fieri facias:* he cannot, upon such proof, recover nominal damages.

It is the duty of a sheriff, in executing a *fieri facias*, to be governed, in the amount to be levied, by the sum endorsed upon the back of the writ, and not to follow that which is contained in the body of it. The writ and endorsement are the official acts of the prothonotary, and must be taken to be right and proper, until the contrary is shown.

In an action by the plaintiff in a judgment against the sureties of a sheriff, to recover the moneys collected on an execution, the fees of the officers are not recoverable, except when they have been previously advanced by the plaintiff.

When a sheriff has had a writ of *fieri facias* in his hands for several years without return, the presumption is that he has collected the amount thereof, and the burthen of proving that he did not, and why, devolves upon him and his sureties.

ERROR to the common pleas of *Mifflin* county.

The Commonwealth, for the use of John Hahn, against Francis McCoy. This was an action of debt upon the official recognizance of sheriff Stuart, against the defendant, who was one of his sureties.

The plaintiff gave in evidence the record of a suit of Samuel Eisenbise's administrator against John Hahn, in which a judgment was rendered for the defendant, and a *fieri facias* against the plaintiff for costs, which went into the hands of sheriff Stuart, and was never returned. The costs on the writ were all due to officers of the court: attorney, sheriff and prothonotary.

Also another *fieri facias* on a judgment in favour of the said John Hahn, for costs. Endorsed on this writ, besides the officers' costs, there was, " Defendant's bill of costs at May term 1830, 7 dollars 30 cents." This amount was not included in the body of the writ.

The court below instructed the jury that the plaintiff was not entitled to recover any part of the officers' fees included in the executions: that the sheriff was bound, in executing the *fieri facias*, by what was contained in the body of the writ, and not by the endorsement; and that the plaintiff was not entitled to recover nominal damages for the mere reason that the sheriff did not return his writs according to law; nor unless he had sustained actual damage by the misconduct of the officer.

*J. A. Fisher*, for plaintiff in error.
*Hale*, for defendant in error.

VIII.—O

The opinion of the Court was delivered by

SERGEANT, J.—By the act of assembly of the 28th of March 1803, the condition of the sheriff's recognizance is, well and truly to serve all writs and process, and, on request, to pay over moneys coming to his hands, and well and faithfully to perform all the trusts and duties of the office. By the fourth section, authority to institute actions of debt, or of *scire facias,* is given to the commonwealth or individuals *who shall be aggrieved* by the misconduct of the sheriff, and upon such writs it shall be proved *what damage hath been sustained,* and a verdict, judgment and execution are to be given for so much with costs: which suits may be instituted, and the like proceedings be thereupon had, *as often as such damage shall be sustained.* It is necessary, therefore, under this act, for any person suing upon a sheriff's recognizance, to show that he is aggrieved by the misconduct of the sheriff, and that he has sustained damage by reason thereof, before he can recover. This official security, like other official bonds and securities required of officers under our laws, was intended, so far as respects individuals, for their indemnity. It is not sufficient to entitle an individual to recover upon it, that he shows a misconduct in the officer, a violation or omission of his general duty as sheriff, such as not returning a *fieri facias.* He cannot, for that alone, recover nominal damages in this suit. The sheriff can only be proceeded against for it by the commonwealth, either by indictment, (*Dall. Sheriff,* 493,) or by the courts where he is in contempt, by attachment. To sustain a civil action, the party suing must show some loss or damage which he sustained by the acts or omissions of the sheriff in the performance of his duty.

The question then arises, in this case, whether the plaintiff below showed that he had sustained loss or damage under this act by the neglect of sheriff Stuart to return the two writs of *fieri facias* put into his hands. Those writs were issued, one in 1832, and the other in 1833, and had never been returned at the trial of this suit in the court of common pleas, but were produced by the present defendant at the trial on notice.

Regularly, it is the bounden duty of the sheriff to return all writs to him directed, at the time and place commanded in the body of the writ. This return is his answer to the writ: and it is highly important for his own protection and that of his sureties, as well for the interest and security of the commonwealth and of suitors, that sheriffs should, in all cases, strictly comply with this duty. By the ancient oath, at the common law, the sheriff, amongst other things, swore well and truly to serve and return the writs directed to him: and we see many mischiefs and inconveniences daily grow from a neglect of this duty, on the part of sheriffs, to themselves and others. At the common law, the remedy seems to have been to amerce the sheriff for his neglect in this particular: for it is said that when a writ is delivered to the sheriff to execute, he ought to receive it, and not deliver it to the party that delivered it to him,

back again, but must execute it, and then return it into court, for so he is commanded by the writ; and if he doth not so, upon complaint made thereof, the court will set a fine upon him. *Dalt. Sheriff* 102. And now on the return day of a *fieri facias*, the sheriff may be called on by rule to return the writ, and if he neglect to do so, or to offer a reasonable excuse, the court will grant an attachment against him. 1 *H. Black.* 543; *Bing. Ex.* 258. It would seem, however, to be held, that for merely not returning a *fieri facias*, an action does not lie against the sheriff at common law; *Bing. Ex.* 251; *Wats. Sheriff* 82; but the party ought to proceed by rule and attachment. There are some authorities that look the other way, cited *Dalt. Sheriff* 493. Lord Coke, in 2 *Inst.* 452, comments on the statute of Westminster the 2d, which enacts that if any man doth fear the malice, indirect dealing or negligence of the sheriff, in the execution of any writ, he may deliver it in open court, or may take of the sheriff a bill containing the names of the demandants and tenants, and require the sheriff to put his seal to it, and if he refuses, others present may put their seals as witnesses to it, and if the sheriff or undersheriff make not a due return of the writs delivered or offered unto him, upon complaint to the justices of the one bench or the other, they are to make a judicial writ to the justices of assize, to inquire thereof, by virtue whereof the justices of assize shall have power to inquire thereof, by those that were present when the writ was delivered; and if the sheriff be found in fault, then upon return thereof into the bench, &c., he shall be punished and yield damages, &c. In this special case, says Lord Coke, the demandant or plaintiff shall have an action against the sheriff for not returning the writ, whereas, regularly, for not returning of a writ, the sheriff shall be amerced *quousque*, but for a false return, or for embezzling of a writ, an action doth lie at the common law, against the sheriff.

However this may be, if any damage has been here sustained by the omission of the sheriff to return a writ, the case falls within the provisions of the act of 1803, whether the remedy in other cases be by rule and attachment, or by indictment, or by action at common law; for the act gives a new and specific remedy in that case. Then had the present plaintiff any interest in the execution of these writs, and if he had, has he been damaged by the neglect of the sheriff to return them? The court below charged that the sheriff could only levy on writ No. 40, to August term 1832, the sum of 11 dollars 78½ cents, being the officers' costs, and the sum contained in the body of the writ, notwithstanding there was endorsed on the writ a further sum of 7 dollars 30 cents, the defendant's bill of costs at May term 1830. But we think it is the duty of the sheriff in executing a writ of *fieri facias*, to be governed in the amount to be levied by the sum endorsed on the back of the writ, and that he is not to follow that which is contained in the body—such has been the constant practice. The sum mentioned in the body is often nominal; the endorsement states the credits, the items of costs

and charges, the dates of interest, and contains the real demand of the plaintiff, and has been considered as the statement of the sum really due, and the exact specification of the amount the defendant is to pay. Where they vary, the endorsement is the guide; the sheriff would be justified in receiving that, and is bound by it in collecting by sale. The court below seem to have thought that because no evidence was given when this part of the endorsement was made, the sheriff could not levy it. But it is not incumbent on the plaintiff to show this by extrinsic evidence. The writ and the endorsement are all the official acts of the prothonotary, and must be taken to be right and proper, at least till the contrary is shown. *Omnia presumuntur rite esse acta*, in the case of process issued by the proper officer. The endorsement being a matter *in pais*, the defendant might show that it was not the act of the proper officer, or that it was improperly made. But until that is done, it must be presumed to be right; and the sheriff was bound to obey the writ, and would be justified by so doing in all cases. It does not lie in his mouth to dispute or question the writ as he receives it. And here he produced these writs on notice, and there is no evidence that any addition was improperly made.

As to the fees of the officers, the charge of the court was correct. It was decided by this court last term, in Beale *v.* The Commonwealth, 7 *Watts* 186, that in an action by the plaintiff against the sureties of the sheriff, to recover the money collected by the sheriff on an execution, the fees of the officers are not recoverable, except where they have been previously advanced by the plaintiff.

The present plaintiff then had an interest in the collection of the bill of costs; and if the plaintiff in the writ No. 40, which was nonsuited, had goods or property sufficient to pay them, the sheriff was bound to levy on his property and collect them. But several years had elapsed, the sheriff had long since gone out of office, this writ remained unreturned, and was produced by the sheriff on the trial. If he has levied and collected these costs, and never paid them to the defendant, or if it was in his power to do it, and he has neglected his duty, in either case the present plaintiff has sustained damage by his misconduct.

What then is the presumption that must arise where a sheriff has had a writ of execution in his hands, and suffered this state of things to exist, permitted several years to pass by, had quitted the office, and had never given any answer by returning the writ as he was commanded to do, but kept it in his private custody. It appears to me that, until some evidence is given by the sheriff, either of the payment of the money to the plaintiff, or of his inability to serve the process, the presumption must be that he has served it. We cannot presume that he neglected his duty, or in the absence of any, even the slightest proof, that the plaintiffs were without means of payment. The difficulty has arisen from the

[The Commonwealth v. McCoy.]

sheriff's own neglect. If the plaintiff had no property, it was easy to return *nulla bona*, or show, now, some evidence of the fact: and that burden, we think, lies on the sheriff to make out, either by such return, or by some evidence. To make a return, as has been before shown, is his bounden duty in all cases. He is to return *nil habet*, or *non est inventus*, directly, and not so far as appeared to him, or by indirect reference. *Dalt*. 163. If he makes a return, it is evidence in his own favour, and throws the burden of proof on the plaintiff. If he does not, it is right he should show why he did not collect the debt.

On the naked evidence of the delivery of the writ, and its never being returned, the case thereof as to this bill of costs is against the sheriff: the presumption is that he has collected the costs, and has not paid them to the party. But he may on another trial show that he never collected these costs, and that he had a good excuse for not collecting them, or that he has collected and paid them: and these will be the questions to be decided in order to ascertain whether the present plaintiff has been aggrieved, and has sustained damage by the misconduct of the sheriff.

Judgment reversed, and *venire facias de novo* awarded.