By the Court, Nelson, Ch. J.
An action on the case against the sheriff for not having the money at the return day of a Ji. fa. according to the exigency of the writ, does not lie at common law, (Moreland v. Leigh, 1 Stark. Rep. 388, and note, Watson on Sheriffs, 203, The Commonwealth v. McCoy, 8 Watts, 153,) which is the reason that no precedents can be found in the books of a declaration against him for neglect of duty in this respect. The practice was to compel a return, and seek a remedy upon that if untrue.
The rule of the common law, however, has nothing to do with the case before us ; as the revised statutes have given to the party a remedy by action. They provide as follows: “ Every sheriff or other officer, to whom any process shall be delivered, shall execute the same according to the command thereof, and shall make due return of his proceedings thereon, &c. For any violation of this provision, such sheriff or other officer shall be liable to an action at the suit of any party aggrieved, for the damages sustained by him, in addition to any other fine, punishment or proceeding, which may be authorized by law.” (2 R. S. 358, § 80, 2d ed.)
The gist of the action is the neglect of duty in not making the return. This is the foundation upon which the claim for damages rests; and of course, proof of the judgment, the execution, and the omission to return •according to the command of the writ, makes out a perfect cause of action against the officer. It is true, the damages that follow may be more or less, depending upon the circumstances of each particular case. But the neglect of duty being established, the statute gives all the damages which the party has sustained.
In this case it is clear that the plaintiff-has sustained damages to the whole amount of the judgment; the debtors having had abundant means to satisfy the writ, as subsequently shown by the enforcement of it. He has, therefore, been kept out of the *553 whole of his money by the wrongful act of the officer in not executing and returning the process according to its command. Under such circumstances, the debt as proved by the judgment constitutes the true measure of damages. (Patterson v. Westervelt, 17 Wend. 543, and the cases there cited; Bank of Rome v. Curtiss, 1 Hill, 275.) The very point decided in the last case was, that the sheriff was prima facie liable for the whole amount due, and that it was no answer to say that the defendants in the ft. fa. were still able to pay. This seems to be admitted by the counsel for the defendant, provided it had been competent for the plaintiff to give in evidence the fact that the debtor had property out of which the money might have been levied: and he supposes this proof inadmissible, as no such averment is contained in the declaration.
The short answer is, that the gist of the action is the neglect to return the writ. This being averred with due formality and proved on the trial, the cause of action is established, leaving open only the question as to the extent of the sheriff’s liability; and, according to the principle of the cases above referred to, the debt is prima facie the true measure of damages, the sheriff being at liberty to mitigate the amount by showing affirmatively that the whole sum could not have been collected if due diligence had been exercised in executing the process. I agree with Parker, J., in Weld v. Bartlet, (10 Mass. R. 474,) that when an officer is guilty of a false return, or “when he has neglected to do his duty, so that the effect of a judgment ap- ‘ pears to be lost, the judgment in the suit so rendered ineffectual is prima facie evidence of the measure of injury which the plaintiff has sustained: but it may be met by evidence of the total inability of the. debtor to pay.” If the defendant in the execution has no property, either real or personal, out of which the money can be collected, it is a very easy matter for the officer to return accordingly, or, in 'case of neglect, to give some evidence of the fact on the trial; as it is his special duty to make himself 'acquainted with the pecuniary condition of the debtor. If he makes the return, it is evidence in his own favor, and throws the burden upon the party calling in question its *554 truth. If he does not, it is right, that he should he required to shoxv why he has not collected the debt according to the command of the execution. The dilemma, if one exists,- is of his own choosing, as the whole difficulty grows out of his own neglect of duty.
I think the ruling at the circuit was right, and that a new trial should be denied.
New trial denied.