## Wright *versus* Darlington, Runk & Co.

In an action against a sheriff for an alleged false return it appeared that a writ of foreign attachment, in which A. was plaintiff, was placed in his hands on December 31st, with directions to summon certain insurance companies as garnishees ; that the sheriff served said garnishees the same day, but returned the writ as served on January 3d, following ; meantime, on January 2d, the defendants in the attachment transferred the policies of insurance—the money due upon which A. sought to recover—to B. for an antecedent debt. B. brought suit on the policies against the companies, who denied liability thereon, and after protracted litigation the suits were compromised by the companies' paying to B. about $40,000. Before making this payment, however, they demanded

[Wright v. Darlington, Runk & Co.]

that A.'s attachment be dissolved. B. then gave A. $750, and the latter dissolved his attachment. A., who had meantime recovered judgment against the defendants in the attachment for $2,230.51, then brought suit against the sheriff for this sum with interest, less the $750, and recovered. On writ of error by the sheriff:

*Held,* that A. was entitled to recover if he was injured by the sheriff's mistake; but that he was not entitled to nominal damages without showing any injury. It was A.'s duty to proceed with his writs of scire facias, and to ascertain in a judicial proceeding that there was a fund in the hands of the respective garnishees subject to his attachment. By discontinuing the attachment in consideration of $750, A. released the garnishees from any further liability. He thus lost his grasp upon any fund which might have been in their hands applicable to his claims, and rendered it impossible to show actual damage sustained by reason of the sheriff's false return. This was fatal to his claim against the sheriff.

January 19th, 1885. Before Mercur, C. J., Gordon, Paxson, Trunkey, Green and Clark, JJ. Sterrett, J., absent.

Error to Court of Common Pleas, No. 1, of *Philadelphia. county :* Of January Term, 1884, No. 244.

Case by Joseph G. Darlington and William M. Runk, trading as Darlington, Runk & Co., against William H. Wright, sheriff, to recover damages for an alleged false return by said sheriff to a writ of foreign attachment.

At the trial, before Peirce, J., the following facts appeared : On December 31st, 1878, Darlington, Runk & Co., as plaintiffs, issued a writ of foreign attachment in which Rodgers & Orr Brothers, of New York, were defendants. This writ was placed in the sheriff's hands, with directions to summon certain insurance companies as garnishees, and by him served on said companies the same day. By mistake, however, the sheriff returned the writ as served on the garnishees January 3d, 1879. Meantime, on January 2d, 1879, the defendants in the attachment transferred the policies of insurance, the money due upon which was sought to be reached by the attachment, to H. B. Claflin & Co., of New York, as security for an antecedent debt. Suit was brought on the policies by Claflin & Co., which, after long litigation, and denial of liability on part of the companies, resulted in a compromise, under which companies paid Claflin & Co. about $40,000. The insurance companies refused to pay their pro rata share of this amount, however, unless the attachment of Darlington, Runk & Co. was dissolved. Claflin & Co. then paid the latter $750, and the attachment was dissolved January 4th, 1882.

Prior to receiving this $750, Darlington, Runk & Co. obtained judgment against the defendants in the attachment for $2,230.51 ; and for this sum, with interest, less the $750, they brought their action against the sheriff.

[Wright v. Darlington, Runk & Co.]

The defendant submitted, inter alia, the following point:

"That the plaintiff, having on January 4th, 1882, discontinued the foreign attachment and the writs of scire facias issued thereon against the garnishees, such discontinuance being the result of a settlement made by the plaintiffs, wherein they agreed to take a smaller sum than the original debt, such discontinuance amounts to an accord and satisfaction of the plaintiffs' claim against the garnishees." Refused.

Verdict for plaintiffs for $2,074.43 and judgment thereon; whereupon the defendant took this writ assigning for error the answer to his point.

*Thomas J. Diehl* (with whom was *Richard C. Winship*), for plaintiff in error.—The plaintiffs in the attachment should have pursued the writs of scire facias to judgment against the garnishees, and thus judicially, and in that particular case, ascertain what effects were in the garnishees' hands, and the value of them, and failing in that by reason of the informality in the return, and by that alone, then the sheriff might have been held responsible. The court is asked to assume all these facts, and hold the sheriff liable.

The sheriff stands in the position of a surety, and the acceptance of the $750 by the plaintiffs in the attachment and the discontinuance of the attachments and the writs of scire facias was a complete accord and satisfaction of their claim against the garnishees and the discharge of the sheriff from all liability: Neff's Appeal, 9 W. & S., 36; Commissioners of Berks v. Ross, 3 Binney, 520; Ramsey v. Westmoreland Bank, 2 P. & W., 204; Commonwealth v. Miller's Adm'rs, 8 S. & R., 453; Keen v. Vaughan's Executrix, 48 Pa. St., 479. A judgment cannot be recovered against the sheriff for an alleged official misconduct, unless actual damage can be shown: Commonwealth v. McCoy, 8 Watts, 153; McCurdy v. Lelar, 5 Clark, 167; Commonwealth v. Lyle, 1 W. N. C., 90.

*Lewin W. Barringer*, for defendants in error.—The acceptance of the $750 and discontinuance of the attachments against the garnishees by the plaintiffs below did not relieve the sheriff from his liability, but was simply in mitigation of his damages: Bank of Penna. v. Potius, 10 Watts, 148; Myers v. Commonwealth, 2 W. & S., 60; Bank of Rome v. Curtiss, 1 Hill, 275; Young v. Hosmer, 11 Mass., 89. The sheriff is liable for false return for nominal damages at least, and beyond that for all damages actually suffered by the plaintiff in the execution: T. & H. Practice, Vol. I., sec. 1086; Crocker on Sheriffs, sec. 875; Sedgwick on Damages, Vol. I., page 442, and note; Bank of Rome v. Curtiss, 1 Hill, 275.

[Wright v. Darlington, Runk & Co.]

It was not at all necessary to recover judgments against the garnishees. The sheriff having made a false return, immediately a cause of action against him accrued to Darlington, Runk & Co. The sheriff was bound to prove that they were not injured. He does not do so, but Darlington, Runk & Co. showed to a jury that they were injured, and could have recovered the money had it not been for the false return, and the jury assessed damages at $2,074.43. Darlington, Runk & Co. were prevented by the false return from obtaining judgment against the garnishees, and obtaining satisfaction in preference to Claflin & Co., because the only foundation of this action was the return of the attachment. The very first step in this contest between the two claimants to the fund, would be for Darlington, Runk & Co. to offer in evidence the record in the attachment proceedings, and this would at once show that it was served after the assignment of the policies to Claflin & Co. As between these parties Darlington, Runk & Co. could not contradict and explain their own record. The $750 was accepted rather than fight the insurance companies, who would have been indemnified by Claflin & Co. against the attachments. The sheriff was benefited by this, and has no cause to complain.

Mr. Justice PAXSON delivered the opinion of the court, March 2d, 1885.

This was an action against the sheriff for a false return to a writ of foreign attachment. The service was made upon the garnishees on the 31st of December, 1878. By some oversight the writ was returned as served upon the garnishees on the 3d of January, 1879. On the second of January the defendants in the attachment transferred the policies of insurance the money due on which was sought to be reached by the attachment, to H. B. Claflin & Co., of New York, as security for an antecedent debt. Suit was commenced on the policies by Claflin & Co., which, after a protracted litigation, and a denial of liability on the part of the insurance companies, resulted in a compromise, and the payment to Claflin & Co. by them of about $40,000. Before this could be carried through it appears to have been necessary to get rid of the foreign attachment issued by Darlington, Runk & Co., whereupon Claflin & Co. paid the latter $750, and the attachment was discontinued.

The judgment against the defendants in the attachment was for the sum of $2,230.51, and it was for this sum with interest, less the $750 above mentioned, that this suit was brought against the sheriff, and for which a verdict and judgment were obtained in the court below.

[Wright *v.* Darlington, Runk & Co.]

That the return of the sheriff was false is conceded.   The plaintiffs below were entitled to recover if they were injured by the sheriff's mistake.   They claimed more; that they were in any event entitled to nominal damages; but we do not think that this point can be sustained, however the law may be laid down in some of the text books.   In Com. *v.* McCoy, 8 Watts, 153, it was held that in an action upon the official recognizance of the sheriff, to entitle a plaintiff to recover, he must prove that he has sustained damage by his misconduct. The rule there stated is believed to be a sound one; it was never intended that a sheriff should be vexed with suits for nominal damages for a false return or other official misconduct or mistake which has not injured any one.

The difficulty in the way of the plaintiffs is that they have not ascertained in any judicial proceeding that there was a fund in the hands of the respective garnishees subject to their attachment.   Instead of doing this they discontinued the attachment in consideration of a sum of money, and thus released. the garnishees from any further liability.   As to them it was a settlement of all claims against them under the attachment. This much must be conceded.   But it was claimed for the plaintiffs that their proceeding had been rendered abortive by reason of the sheriff's return.   That upon a trial of the scire facias the return to the writ would put them out of court. This is begging the whole question.   It was shown on the trial below that the garnishees admitted the service of the attachment upon them December 31st, and under the Act of Assembly the funds in their hands would be bound from time to time. We do not know that they would have raised any such question; they might have admitted the true date of the service in their answers, and that there were funds in their hands.   The answers could have been read to the jury under Erskine *v.* Sangston, 7 Watts, 150.   We need not discuss the difficulties that might have arisen upon a trial upon the scire facias growing out of the return of the sheriff, because they do not arise in this case.   No attempt was made to pursue the garnishees. On the contrary, there was a settlement and discontinuance as to them.   Further, the liability of the insurance companies under their policies has not been judicially ascertained.   The settlement made in New York with Claflin & Co. was, as before stated, a compromise, a settlement of protracted litigation in which all liability has been persistently denied.   We have therefore to assume that upon a trial of the scire facias the liability of the companies would have been established.   It might have been, but we cannot say so, and we will not guess. The plaintiffs put it out of their power to ascertain this in the manner required by law.   They released their grasp upon the

fund, and at the same time rendered it impossible to show actual damage sustained by the return of the sheriff. The liability of the insurance companies to the defendants in the attachment cannot be adjudicated in an action against the sheriff for a false return. That must be settled in an orderly way. Further, upon the trial upon the scire facias the plaintiffs would have been entitled to attack the validity and bona fides of the assignment to Claflin & Co. It may be that they would not have done so, or, if they had, it would have been fruitless. But we cannot assume all these vexed questions in this proceeding.

We are of opinion that in voluntarily relinquishing their grasp upon the fund in the hands of the garnishees, the plaintiffs have at the same time lost their hold upon the sheriff, and that the learned court below should have given the jury a binding instruction to find for the defendant.

Judgment reversed.