# Commonwealth to use *v.* Osler, Appellant.

*Sheriffs—Wrongful return—Judgment on bond—Liquor law—Appeals—Supersedeas.*

Where the district attorney enters up the bond of a liquor dealer after the latter has been convicted of violating the liquor laws, and issues execution under which levy is made upon the property of the principal of the bond, and thereafter the sheriff on being informed by the attorney for the principal, who is also county solicitor, that an appeal had been taken, and on the advice of such attorney, returns the writ without further execution, and subsequently the property of the principal is either sold under another writ, or eloigned from the county, the sheriff will be liable to the bondsmen of the liquor dealer, after the affirmance of the conviction, and after they have been compelled to pay the fine by reason of the failure to find assets of the principal.

In such a case the sheriff was bound to look to his writ and follow its direction. If he desired protection, he should have gone into the court of common pleas from whence the writ issued, and asked for a proper order under the circumstances. The order of supersedeas in the quarter sessions had no effect on the execution issued out of the common pleas.

The fact that the county had a beneficial interest in the fund when ultimately secured, did not give the solicitor of the county control over the writ in opposition to the district attorney who issued it, and whose name was indorsed on it as counsel for the plaintiff.

The sheriff's wrongful withdrawal from a levy embracing all the defendant's goods, is prima facie evidence that such goods were of value sufficient to pay plaintiff's debt.

Argued March 5, 1907. Appeal, No. 11, March T., 1907, by defendant, from judgment of C. P. Sullivan Co., Sept. T., 1902, No. 78, on verdict for plaintiff in case of Commonwealth to use of George E. Brown and J. G. Cott v. Hiram W. Osler et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur recognizance on sheriff's bond. Before
TERRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[Subsequently Terry took an appeal to the Superior Court
from his conviction in the court of quarter sessions.    The Su-
perior Court issued an order making that appeal a supersedeas.
The sheriff then returned the aforesaid execution to the court
of common pleas, whence it issued, stating his levy and con-
cluding as follows: "This case being appealed to the Superior
Court, I respectfully return this writ."

This, gentlemen, the sheriff had no right to do, unless so
ordered by the court of common pleas or directed to do so by
the plaintiff in the execution, or by the attorney of that plain-
tiff.    The sheriff could not legally return his writ without ex-
ecuting it, or endeavoring to do so, as therein commanded.
The plaintiff in the execution can control it by directing the
sheriff to refrain from following that command; but when
neither the plaintiff, nor the court issuing it interferes, it is the
duty of the sheriff to make the money the writ calls for if the
defendant in it has sufficient property.    It is the sheriff's duty
to sell that property and bring the money arising from such
sale into court for the plaintiff in the execution.] [9]

[ The appeal taken to the Superior Court by Terry was not
a supersedeas of the execution ; that is, it did not suspend the
operation of that writ.    Terry's conviction was obtained in the
court of quarter sessions.    His appeal was from the sentence
of that court.    The judgment on his license bond was entered
in a different court, the common pleas, and the execution issued
from the court of common pleas, and the appeal to the Superior
Court from the quarter sessions did not affect or disturb that
judgment, or the execution issued on it; nor did the superse-
deas granted by the Superior Court.    Something more than
this was necessary to have such a result.] [10]

[Later another execution was issued on the judgment
against Terry, Brown and Cott and a levy was made on the
property of Cott.    To save that property Brown and Cott paid
the amount of the execution and took an assignment of the
judgment.    The sum they paid was $389.35.    Then they issued

still another execution on the judgment.   This writ came out against Terry, and the coroner, to whom it was directed, made a return thereto, that no property of Terry's could be found in the county.   This established the fact that the judgment could not be collected from Terry, and, if no other question were presented, would make out a case against the sheriff.   We say this because it having been shown that a levy was made by the sheriff on property which was not sold, but which was, owing to his neglect to sell, removed from the county, and subsequent writs having been issued and returned without avail, it is evident that these plaintiffs, who were Terry's sureties and paid his debt, have lost whatever that property would have brought had the sheriff sold it by virtue of the first execution.] [11]

The defendant presented these points :

1. The appeal to the Superior Court taken by Terry in the criminal case, and the subsequent supersedeas entered in said case, ousted the right of the use plaintiff to have execution till this appeal was disposed of.   It was then the duty of the sheriff to return his writ, and he was guilty of no negligence in so doing.   *Answer :* This point is refused. [13]

2. The county of Sullivan was the only party that had the right to enforce the collection of this fine and costs at the time the writ was placed in the hands of the sheriff, notwithstanding the writ had been issued by order of the district attorney, the solicitor for the county had the right to control said writ and to order the same returned.   *Answer :* This point is also refused. [14]

3. The subsequent issue of a fi. fa. by the county to collect the amount of fine and costs due upon the sentence imposed upon Terry in the court of quarter sessions was an abandonment of the levy upon the former writ, and a voluntary surrender of any rights that use plaintiff might have in same.   The present use plaintiffs, who derive their title by assignment from the county of Sullivan, can rise no higher than their assignors and have no right now to complain that the sheriff was guilty of negligence in not disposing of the property embraced in the levy on the former writ.   *Answer :* This too is refused. [15]

4. The sheriff owed no duty to the present use plaintiffs at the time this writ was in his hands, hence he cannot be guilty

of negligence in the discharge of his duty to their injury. *Answer:* This point is refused. [16]

Verdict and judgment for plaintiffs for $374.73. Defendant appealed.

*Errors assigned* among others were (9–11, 13, 16) above instructions, quoting them.

*E. J. Mullen*, for appellants.—If the sheriff withdrew from the goods after levy and they were eloigned by Terry, the other two defendants could avail themselves of this fact as a defense against a subsequent levy and sale of their property by plaintiff in satisfaction of this debt. They could compel the plaintiff to resort to the sheriff for his money. They could not, however, voluntarily pay the debt nearly two years afterward, and bring an action against the sheriff and his sureties for official misconduct which worked them no injury.

It has been held repeatedly that in an action upon the sheriff's recognizance the plaintiff must prove actual damage; it is not enough to prove an act of official misconduct: Com. v. McCoy, 8 Watts, 153; Withrow v. Com., 10 S. & R. 231.

The sheriff acted under the advice of the county solicitor: Lancaster County v. Fulton, 128 Pa. 48.

The directions of an attorney to the sheriff as to the mode and time of sale are binding and a full authority, if obeyed in good faith: Lynch v. Com., 16 S. & R. 368.

*Wm. Maxwell*, with him *Alphonsus Walsh*, for appellees.— A plaintiff having a judgment ripe for execution, has a vested right to execution process, with all the legal incidents of such process, of which he cannot be deprived, by the order of a judge at chambers, made without notice or a hearing.

We contend, that under the conditions of the warrant contained in the license bond of Charles A. Terry, and under the authority of the act of March 31, 1856, a proper party to enter the judgment on the bond of Terry, was A. J. Bradley, district attorney of Sullivan county, and that the proper plaintiff in that judgment, was the commonwealth of Pennsylvania: Shryock v. Jones, 22 Pa. 303; 17 Cyc. of Law and Procedure,

p. 1076; McLaughlin v. McLaughlin, 85 Pa. 317; Lewis v. Phillips, 17 Indiana, 108; Murfee on Sheriffs, sec. 537; Wallop v. Scarburgh, 5 Grat. (Va.) 1.

OPINION BY ORLADY, J., October 7, 1907:

Charles A. Terry obtained a license to sell liquor in Sullivan county in 1900, and filed his bond required by the statute, with George E. Brown and J. G. Cobb as his sureties, which was approved by the court, one of its stipulations being as follows:—" And further, we do, by these presents empower the district attorney of Sullivan county, Pa., and any other attorney of any court of record in the commonwealth of Pennsylvania to appear for us therein and confess judgment against us for the said penal sum, with costs of suit, and release of all errors; and we do hereby waive the right of inquisition on real estate, and all laws exempting real and personal property from levy and sale on execution."

On September 26 of that year Terry was convicted of selling liquor to minors, etc.; was sentenced to pay a fine of $300 and costs, and to undergo imprisonment in the county jail for sixty days. On September 28 the district attorney caused a judgment to be entered on the bond, in favor of the commonwealth and against Terry and his two sureties; the confession of judgment reciting the default of Terry, his subsequent conviction, and the resultant sentence. On this judgment a writ of fieri facias was issued on the præcipe of the district attorney, whose name was regularly indorsed on the writ as the attorney for the plaintiff, and he personally delivered the writ to H. W. Osler, the sheriff of the county, who the next day made a levy on the personal property of Terry. On September 29 Terry appealed to this court from his conviction in the quarter sessions, which appeal, on October 2, was directed to " operate as a supersedeas upon the defendant giving bail in the sum of $1,000, to be approved by one of the judges of the court below, on due notice to the district attorney." Pursuant to this order, which was filed in the quarter sessions on October 3, 1900, a bond in proper form was filed in the quarter sessions, approved by the president judge thereof, and Terry was released from custody. Subsequent to all this, the county solicitor, who was also the attorney of Terry, gave notice to the sheriff of the order made

by this court, whereupon the sheriff made a return of his writ with the indorsement, viz.: " This case being appealed to the Superior Court, I respectfully return this writ." On November 2 a testatum fieri facias was received from Bradford county against Terry, by virtue of which the sheriff seized and sold certain personal property of the defendant, and applied all of the proceeds to that writ.   The unsold personal property was eloigned and carried out of Sullivan county by Terry, who also left the county, of which facts a return was made on a vend. ex. issued on the original execution.

The conviction of Terry in the quarter sessions was affirmed by this court on January 22, 1901 (15 Pa. Superior Ct. 608). He then served out his term of imprisonment and was discharged under the insolvent laws without payment of the fine or costs.   On December, 13, 1901, the county of Sullivan, by its solicitor, caused an execution to be issued on the judgment against Terry, Brown and Cobb, to collect the fine and costs imposed on Terry.   A levy was made on the personal property of the sureties, who, after an ineffectual attempt to have the judgment opened, paid the debt, interest and costs thereof, and on July 1, 1902 the judgment was assigned to their use by the county. ˙ Brown and Cobb then brought this action in the name of the commonwealth to their use, upon the official recognizance of H. W. Osler, sheriff, against him and his sureties, which, after three trials in the court below, resulted in a verdict for the plaintiffs.

Section 78 of the Act of March 31, 1860, P. L. 427, provides that " all fines imposed upon any party by any court of criminal jurisdiction shall be decreed to be paid to the commonwealth; but the same shall be collected and received for the use of the respective counties in which such fines shall have been imposed as aforesaid as is now directed by law."   By the 10th section of the Act of March 31, 1856, P. L. 200, regulating the sale of intoxicating liquors, it is provided, " Whenever a judgment for any forfeiture, or conviction had for any violation of the provisions of this act, or of any other law for the observance of which said bond shall be conditioned, it shall be the duty of the district attorney of the proper county to enter up judgment and institute suit thereon."   The Act of May 22, 1895, P. L. 101, defining the duties of a county solicitor, does

not conflict with the special statutory duty of the district attorney under the prior statute, and we have not found any direct repeal of section 10 of the act of 1856. Had the solicitor for the county desired to raise the question, it should have been done in a proper manner at the time its decision was most important to the sheriff. In so advising that officer he acted as counsel for Terry, and his other client, the county, was not interested in having the writ stayed. The sheriff's return shows that it was based on the fact that an appeal had been taken and not that the appeal was made to operate as a supersedeas. Moreover, the advice given was erroneous, as hereinafter shown. The form of the liquor license bond had the approval of the court which granted the license, and the entry of the judgment was in strict conformity with its terms; the attorney designated in it caused the execution to be issued thereon and he was the only attorney, so far as shown by the record, who had control of the writ then in the sheriff's hands. The county solicitor, as the record then stood, was a stranger to it. The order of supersedeas in the case of Commonwealth v. Terry, had no effect on the execution issued out of the court of common pleas. The order made in the criminal case would stay proceedings only on the judgment in that case. To affect the execution from the common pleas (an entirely different court and in which the order of this court making the appeal taken by Terry operate as a supersedeas was not filed) required an order made by the court from which the execution issued. The first fieri facias was in the hands of the sheriff six days before the order was made effective in the quarter sessions, and was merely an auxilliary process to supersede the enforcement of the judgment of the court of quarter sessions, which was brought up for review, and was not effective to stay any proceedings collateral to it, and, there being no order made in the common pleas concerning the fieri facias, that writ was unaffected by the supersedeas awarded in the criminal case. The sheriff was bound to look to his writ and follow its directions, and he or the county could have presented the matter to the court of common pleas for its order. This was not done, and the action of the sheriff in abandoning his levy and returning the writ was without warrant of law: 20 Ency. of Pl. & Pr. 1241, 1251, 1257; Ewing v. Thompson, 43 Pa. 372; Goddard v. Ord-

way,101 U. S. 745; 1 P. & L. Dig. of Dec. 843; Knox County v. Harshman, 132 U. S. 14 (10 Sup. Ct. Repr. 8).

The sureties on the license bond of Terry being compelled to pay the debt of their principal by reason of the neglect of the sheriff to collect it from the principal debtor, may maintain an action against that officer on his official bond. It is highly important for the sheriff's protection and that of his sureties, as well as for the interest and security of the commonwealth and of suitors, that sheriffs should, in all cases, strictly comply with their duty: Commonwealth v. McCoy, 8 Watts, 153. The judgment on which the writ was founded clearly showed the relation of the defendants to each other, and to say that he owes no duty to his sureties would be the same as to say that he owes no duty to anyone. An action may be maintained on his official bond, immediately after he refuses to make a levy pointed out to him by the plaintiff in the writ, without waiting for the return day of the writ: Shannon v. Commonwealth, 8 S. & R. 444, and his sureties are bound to pay for the default of their principal: Ricketson v. Commonwealth, 51 Pa. 155. There are numerous cases showing that the liability of the sureties of the sheriff is direct, and suit may be brought whenever a breach occurs: Smith v. Commonwealth, 59 Pa. 320; Carmack v. Commonwealth, 5 Binney, 184; Karch v. Commonwealth, 3 Pa. 269. The return of the sheriff, in the case before us, was an improper one and his wrongful withdrawal from a levy on the only writ then in his hands, and embracing all the defendant's goods " is prima facie evidence that they were of value sufficient to pay the plaintiff's debt: Beale v. Commonwealth, 7 Watts, 183." His mistake or misconduct entitles these plaintiffs to recover for that injury from him or his sureties: Bank v. Potius, 10 Watts, 148; Wright v. Darlington Runk & Co., 108 Pa. 372. The 41st section of the Act of June 16, 1836, P. L. 729, defines his duty, and if from any cause he is in doubt as to his duty, or counsel for plaintiff and the defendant do not agree in regard to his duty, he has recourse to the court from which the writ issued to require the use plaintiffs in the writ to appear and indemnify him. However, he elected to be governed by the counsel of Terry, the defendant. Nor did the fact alone, that the county had a beneficial interest in the fund when ultimately secured, give the solicitor

for the county control over the writ in opposition to the district attorney who issued it and whose name was indorsed on it as counsel for the plaintiff. It is clear that the sureties on Terry's license bond were injured and aggrieved by the misconduct of the sheriff, and that, having made good his wrong, they are entitled to recover from him on his official recognizance and his sureties. See also Rowe v. Williams, 7 B. Monroe (Ky.) 202; Commonwealth v. Straton, 7 J. J. Marshall's Reports (Ky.), 90.

The judgment is affirmed.