The opinion of the court was delivered by
Duncan, J.
The natural order of considering the questions raised on the record is, first, was the testator of the plaintiffs in error, responsible as the bail of the coroner, for his official misconduct in the execution of the fi. fa.'?
Secondly. Was there legal evidence, that M‘Clure, who executed it, was the deputy of the coroner?
Thirdly. Was it competent to the plaintiffs in error to show, the real value of the specific articles levied on, where the return of levy, was of these articles, together with the whole of the defendant’s personal property, for the purpose of cutting down the plaintiff’s claim to the value of these articles?
Fourthly. The alleged defect in the declaration, in not stating a demand on the coroner to sell.
The objection, as to the recognizance, whether joint or several, cannot be inquired into in this state of the pleadings.
It is contended, by the plaintiffs in error, that the execution was improperly directed to the coroner, and therefore his bail are not accountable for his maladministration The suggestion, that the defendant in the execution, being the bail of the sheriff, did not stand indifferent, would not, as is urged, authorise the direction of the writ to the coroner. There appears to me, to be.a well grounded suspicion of partiality, and some reason to apprehend, favour in the sheriff, in the execution of a writ against his bail, for the discharge of his official duties. If the action was against the bail, for the sheriff’s neglect of duty, it would be improper to trust the principal with the execution of the fi. fa. This is one degree removed; but the defendant has some part in the manner in which the sheriff shall execute this writ. In his character as bail of the sheriff, he is answerable, that the sheriff shall duly execute the process against himself. He stands in a double relation; first, that of defendant, of whom the money is to be levied; and secondly, of the bail of the *303 officer, that he shall faithfully execute. I think the just administration of the law requires, that the sheriff should be excluded from this service. There is an incongruity, at least a suspicion of partiality, bias, or influence. - The exception against the sheriff is not confined to affinity. But if from his situation, with regard to the party, there is reason to apprehend favour, his being under the power of the party, there being a bond of connection in the subject of the writ and its execution, he does not stand so indifferent between the parties, as an officer who has any thing to do with the execution of process ought to stand, and that would be a challenge to the favour, (Co. Lit. 158, a.) not necessary to be made to the court, but suggested to the prothonotary. The sheriff is, however, the proper officer to whom the process ought to issue, and he cannot be passed by, without cause; but if there is just cause of exception, the prothonotary may issue the process to the coroner. 8 Mod. 248. He is the proper officer to execute all writs, except in case of partiality. It is on the ground of partiality, that I think it has been usual, in such cases as the present, to direct the process to the coroner. But however that may be, still .the process is not void, for the coroner cannot dispute the authority of the court, out of which the writ issues, but is at his peril to execute all such writs as are directed to him by a court having jurisdiction, though such direction be erroneous. Dali on Sheriffs, 104. Process of the court to the coroner, where it ought not to he, is aided by the statutes of amendment. Dyer, 357, a. The obligation of the security in the recognizance, comprehends such process, when executed by-the coroner.
But the second error assigned must prevail. Though a deed may not be necessary to constitute a deputy, yet in general, the presumption of law is, that they are so. appointed; and where the proof is, that the deputation is by deed, the deed itself must be produced, and its execution proved, as in the ease of all written instruments. Here, there was evidence of a deputation by deed, then in the possession, of the plaintiffs counsel, and then in court. The law will acknowledge an officer de facto. Whether there is not a distinction between an officer de facto, and a deputy defacto, it is not necessary to decide. In the case of the officer de facto, that constitutes him a general officer in the plenitude of all official authority; but one or two acts done by a stranger, would not, perhaps, be deemed- evidence of a man’s being a general deputy. M(Clure was, so far as his authority went, a deputy de jure. The written deputation might have been limited pro hac vice. That was the best evidence, and the bail when sued for the default of the coroner, by the act of the deputy, had a right to demand the production of that authority, for the abuse of which, he, a stranger to the deputation, was called on to answer. To prove that by reputation, while the party offering that proof stood in court with the proof of the fact in his hand, would be inconsistent with that *304 inflexible rule of evidence, which requires the best evidence in the power of the party to be produced. There was error in the admission of this evidence, and in the opinion of the court, with respect to its effect.
The return of, levied, on the small stated articles, with the sweeping return, together with all- the defendant’s personal property, is prima facie evidence of a levy of the value of the debt, and would cast on the defendant the burthen of proving the whole value of the defendant’s goods. It would open a wide door for collusion, if the sheriff on a fieri facias for 5000 dollars, were permitted to return, levied on a gridiron, and all the defendant’s store of goods, without specification, and when sued for, not making the debt, say, I will prove the value of the gridiron, and am not accountable for more.
The court properly decided, that by this return the coroner was fixed for the whole amount of the debt, unless he showed what other personal estate the defendant had, and its amount. It was peculiarly proper, where the coroner refused to sell at all, lest he should offend the defendant. This is such misconduct, at least as to require him to give a satisfactory account of all the defendant’s personal estate, liable to execution and sale. As to the request to sell, it was not necessary; a venditioni exponas is only necessary to bring the plaintiff into contempt, for not selling on the fieri facias. The plaintiff may sell, and it was his duty to sell without a venditioni exponas. If he has made the return of levied and unsold, for want of buyers, there he is not liable, but a venditioni exponas must issue. 2 Saund. 71, 343. But having returned a levy on all the defendant’s goods, without specification or schedule, and not having returned, unsold for want of buyers, this is prima facie evidence, of a general levy ad valorum. And in Clerk v. Withers, 2 Ld. Raym. 1075, it was held by Lord Ho lt, ¿¿that the sheriff is liable for the value of the goods, and is bound to sell them at all events, and is bound to the value he has returned them to be of. And although the goods are lost, or rescued from him, he is hound, not to that value they afterwards are found to be, but to the value he has returned them, and an action of debt lies against him for that value.” And if a sheriff will not specify in his return, what he has levied on, but makes a return of levied on all the defendant’s goods, I would consider it as a return of levied to the. value of the debt, so far at least as to cast on him the burthen of proof, what the goods were, and the value. If this is not done, it affords a strong temptation, and an easy mode of successful collusion between the sheriff and the defendant. Here the defendant offered only proof of the specific articles and their value, without offering any evidence of the other personal property of the defendant, and its value, which was justly overruled by the court. But judgment is reversed for the reason assigned, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.