## ❘ Pontius *against* Commonwealth.

In the action against a sheriff to recover the amount which he collected upon an execution, the plaintiff is not entitled to recover the officer's costs which accrued in obtaining the judgment upon which the execution issued.

If a plaintiff recover a judgment for the amount claimed in his statement, a part of which he was not legally entitled to, the court will not affirm the judgment, upon the plaintiff entering a *remittitur* for the excess.

ERROR to the Common Pleas of *Union* county.

The Commonwealth, for the use of the Bank of Pennsylvania, against Frederick Pontius. This was an action against the plaintiff, as surety of John Cummings, sheriff, to recover the amount of several executions, at the suit of the bank, against Mathias J. App, which were put into his hands for collection. The plaintiff's calculation, submitted to the jury, included the balance of the debt and interest of the several executions, and $11.66 of costs, which were judgment fees of the plaintiff's attorney and prothonotary's costs. The court instructed the jury, that the plaintiff was entitled to recover according to his statement and calculation.

*Jordan*, for plaintiff in error, argued that the costs of the officers were not recoverable by the bank, they not having previously paid them; and cited 11 *Serg. & Rawle* 248; 7 *Watts* 186.

*Bellas, contra.* The amount in controversy is small and certain; and if the court should be of opinion that the plaintiff was not entitled to it, he was willing to enter a *remittitur* for the excess; and asked the court to affirm the judgment for the residue.

The opinion of the Court was delivered by

KENNEDY, J.—This action was instituted, upon the official bond of John Cummings, late sheriff of Union county, by the Bank of Pennsylvania, against Frederick Pontius, as one of the sureties of Cummings, in order to recover various sums of money which Cummings, as sheriff, had received by virtue of several executions placed in his hands, issued upon judgments at the suit of the bank. At the trial of the cause, the counsel for the bank made out a statement of its claim in the form of an account, consisting of debits and credits, and calculations and charges of interest and costs, in which last were included fees, coming to the attorney of the bank, on the judgments obtained by him for the bank, upon which the executions were sued out, though the bank had never paid these fees to its attorney. The statement and calculation,

[Pontius v. Commonwealth.]

thus made by the attorney for the bank, was given to the jury, accompanied by a charge from the court, that " the principles of the plaintiff's calculation are correct, except that the charge of 5 per cent. for collecting the money, raised on the mortgage, could only be allowed; if the jury believe the plaintiff has been injured to that extent by the official misconduct of the sheriff, the jury may allow an adequate compensation for the delay, expense, and additional trouble occasioned by the misconduct of the sheriff." The defendant excepted to this charge of the court; and the particular matter assigned for error here is, the items charged in the calculation given to the jury, on account of the judgment fees coming to the attorney of the bank, which never had been paid to him by the bank. The sheriff, although he collected these fees, was not accountable to the bank for them, unless the bank had previously paid them to the attorney; they belonged to the attorney of the bank, who had obtained the judgments for it. After being received by the sheriff, the attorney could no longer look to the bank for the payment of them; his only resource was the sheriff. This point was settled in the case of *Beale* v. *The Commonwealth,* (7 *Watts* 183). The court, therefore, erred in advising the jury that the principles of the plaintiff's calculation were correct.

But the counsel for the bank has applied, if this court should be of opinion that the court below erred in allowing the jury to charge the defendant there with the attorney's judgment fees, for leave to have the error corrected. If it were the case of a judgment given on a verdict for damages assessed by the jury, exceeding the amount laid in the plaintiff's declaration, this court might permit the record to be taken back to the court below, that the error might be corrected there, by the bank's entering a *remittitur* for the excess, as was done in the case of *Spackman* v. *Byers,* (6 *Serg. & Rawle* 385). In such case, the error is committed exclusively by the jury in the first instance, by giving the plaintiff more damages than he claims in his declaration. In the second instance, although it is true that the court commits an error, likewise, by entering judgment upon the verdict, yet this is done inadvertently, because there is no objection made to it by the defendant or his attorney. In no case would such an error be committed by the court, if the defendant were to object to it, or apprise the court of it at the time. It is therefore right that the court should strain a point to have such an error corrected without a new trial, if the plaintiff desire it, seeing the defendant did not object to, or apprise the court of it at the time. The extent, also, of the error appears on the record with indisputable certainty; and therefore it has been thought might be corrected at any subsequent period. At first, however, it was considered that a correction of it could only be made while it remained the error of the jury; and that the *remittitur,* therefore, could only be entered by the plaintiff *before* judgment was rendered on the

[Pontius v. Commonwealth.]

verdict. *Yelv.* 45; 2 *Stran.* 1110, 1171. And subsequently this court held, though it might be done after judgment, yet not after the term in which judgment was given; at least the court approved of its being done at that term, without saying that it might be done at any subsequent term, until the case of *Spackman* v. *Byers* came up. *Fury* v. *Stone,* (2 *Dall.* 184; 1 *Yeates* 186). In the present case, however, the error complained of was committed by the court, and that, too, at the special instance of the plaintiff below, and against the express remonstrance of the defendant there. The error here may therefore be said, with great propriety, to be one of the plaintiff's own seeking; and if the bank has to go back for another trial on account of it, the blame, if any, rests with it. And besides, it is right that the plaintiff in error should have a fair trial by a jury, under a direction from the court, that is perfectly free from error in every respect, to all the matters in controversy between the parties.

Judgment reversed, and *venire de novo* awarded.