*Court of Common Pleas, Dauphin County, February* 21st, 1859.

McCulla *v.* Opple.

The prothonotary must be requested to tax the costs when the party wishes to raise the question as to their validity. The fact that the officer was directed to keep the money in his hands, and not pay it over to the opposite party is not a sufficient reason to quash the appeal.

A judgment fee cannot be taxed on an award of arbitration that is appealed from. (Butcher *v.* Scott, 2 Penna. Law Journal, 287, distinguished.)

By the Court.—The motion to quash the appeal in the above case is predicated on the fact that after the costs were paid by the appellant, his counsel notified the prothonotary not to pay over the money, on the ground that he excepted to the bill of costs. The officer was not requested to tax the costs, as should have been done if it was desired to raise a question as to their validity, but a general order was given to retain the money in his hands. This order the officer need not regard, but should have paid out the costs the same as though it had not been given. The Supreme Court in Duffie *v.* Black (1 Barr, 388), decide that giving such an order is no ground for quashing an appeal because the officer should not regard it; "such direction is *simply void,* was in contemplation of law a nullity, which could have affected the rights of neither party." We are of the opinion that the only method to avoid payment of an improper bill of costs is to call on the officer to tax it under the rule of court. If the appellant is satisfied with the taxation he must pay the amount in full as taxed, and should the costs be incurred on appeal, the payment of the additional costs will be enforced by attachment, but the appeal cannot be quashed. If the appellant is not satisfied with the taxation by the officer, he can take his appeal to the court, but must pay the amount taxed under the penalty of having his appeal quashed if the decision of the officer is sustained. After appealing from the taxation he may lawfully notify the officer to retain in his hands a sufficient sum to cover the items appealed from, and that notice the prothonotary should obey; but without these preliminary steps, regularly taken, the order to retain is of no avail and should be treated as a nullity.

A question has been presented in this case said to be of some moment on account of its constant recurrence in practice. Is the judgment fee of three dollars to be taxed for the attorney on entering the appeal? We are clearly of the opinion that it is not. The award when appealed from is not a judgment, nor can it become one unless the party against whom it is made fail to appeal within the time prescribed by law. The fee is only given where judgment is rendered, or nonsuit or discontinuance obtained. The appeal is taken to prevent a judgment. If the fee is paid it belongs to the attorney and not to the client (4 W. & S. 52; 7 W. 186; 8 W. 156). Suppose after the appeal, on a trial in court, the verdict is rendered in favor of the opposite party, who

[McCulla *v.* Opple.]

is to refund, the attorney who received the fee, or the client? It would be scarcely fair to oblige the client who never received the money to refund, and the law gives no process against the attorney. There càn be but one attorney fee lawfully taxed in one case. Therefore there can be no new fee given to opposite attorney, who gained the final and only judgment. Suppose the appellee entirely unable to pay, can the attorney be compelled to do it? The fee of one dollar and fifty cents for issuing the præcipe for the commencement of the action cannot be taxed, as who shall pay that depends on the result of the suit. We may fairly infer that the legislature intended in case of appeal to place the plaintiff and defendant on an equality, yet if the fee of one dollar and fifty cents was required to be paid, it could only be the plaintiff's attorney, as the defendant's attorney gave no præcipe to commence the action, therefore one dollar and fifty cents more costs would be taxed against defendant (appellant) than against the plaintiff. There is a case reported in 2 Penna. Law Journal, p. 287, Butcher *v.* Scott, which has been cited, showing the right to tax the attorney fee in such cases. On examination we find the case decides nothing of the kind. It was an appeal from the taxation of a bill of costs, and the court decided that " by the practice for a long time an attorney's fee was taxable on *awards.*" We take it to mean on an award unappealed from, which it must be borne in mind is not a judgment, but is to have the effect of a judgment to bind real estate, or to sustain an execution, and no formal judgment need be entered after the twenty days expire. It might therefore be well questioned whether an award without judgment would carry a fee given in the fee bill only after judgment, discontinuance, or *non pros* was obtained. If the case means that it could be properly taxed where an appeal was taken agreeably to law, and would have to be paid as part of the costs on appeal, it would be taxed and collected before judgment, and in cases in which the party claiming the fee might never have a judgment, and is therefore not, in our opinion, a correct exposition of the law. If that view of the case is attempted to be supported as a general practice, we can only say that it has not been the general practice throughout the State to tax it; on the contrary, so often as the question was brought before the courts in the western part of the State, the taxation was corrected and fee disallowed. We are of the opinion that no judgment fee can be allowed in any case until the cause is ended by judgment, discontinuance, or *non pros*, and therefore cannot be taxed on an award which is appealed from, but is lawfully taxable after the award has the effect of a judgment so as to support an execution.

*Rawn, for plaintiff.*

*Herr and Bishop, for defendant.*