# SUPREME COURT OF TEXAS.

## TYLER SESSION, APRIL, 1867.

---

### HENRY LITTLE v. WILLIAM GUEST ET AL.

The 10th section of the execution law makes the sheriff liable to a summary motion for money collected, when it has been "demanded by the person entitled to receive the same." (Paschal's Dig., Art. 3781, Note 872.)

The section does not prescribe in whose name the motion shall be made, and it may be made by the person entitled to the money.

The fees of officers are required to be taxed by the clerk, and to accompany the execution. (Paschal's Dig., Arts. 3772, 3831, Note 863.)

When the sheriff receives the costs, he receives it for the use of the officers, and not of the plaintiff in the execution. The clerk, therefore, entitled to such costs, may demand them of the sheriff, and is entitled to a motion under the 10th section of the execution law. (Paschal's Dig., Art. 3781, Note 872.)

ERROR from Red River. The case was tried before Hon. B..W. GRAY, one of the district judges.

Guest, as sheriff, had collected $20 of taxed costs, which belonged to Little, as clerk of the court, and he refused to pay it on demand by Little. Little proceeded by motion against the sheriff and his sureties, under the 10th section of our execution law. (Paschal's Dig., Art. 3781, Note 872.) The defendants moved to dismiss the motion, on the ground that the judgment was not in favor of the plaintiff. The exception was "sustained, and the motion overruled; whereupon the plaintiff gave notice of appeal." There was no dismissal; no judgment for costs; no other final disposition of the case. (Paschal's Dig., Art. 1476, Note 572.)

xxx—1.

The plaintiff appealed, and assigned as error the action of the court upon the motion.

*L. H. Morgan*, for plaintiff in error.

No brief for defendant in error has been furnished to the *Reporter*.

Willie, J.—This is a motion against the sheriff of Red River county for failing to pay over the costs of the district clerk of said county, collected by him under execution. The proceeding was commenced in the name of the clerk, under Art. 865, O. & W. Dig., and not in the name of the plaintiff in execution; and for this reason a demurrer was sustained to the motion in the court below.

The article above cited provides, that "should any sheriff or other officer fail or refuse to pay over money collected under an execution, when demanded by the person entitled to receive the same, he shall be liable to pay ten per cent. per month on the amount so collected, besides interest and costs; which may be recovered of him and his sureties, by motion before the court from which said execution issued, three days' previous notice being given." [Paschal's Dig., Art. 3781, Note 872.] It does not prescribe in whose name the motion shall be made; the demand, however, is to be by the party entitled to receive the money.

The fees of the respective officers of court, in any case determined in the district court, are required by our statute to be made out by the clerk, and a bill of them must accompany the execution. The amount of costs due each officer, as appears from this bill, when received by the sheriff, is held by him for the use of such officer. All liability of the plaintiff to pay the same is thereby discharged, and the officer, to whom the costs thus collected are due, must look to the sheriff for his money. (Beale v. Commonwealth, 7 Watts, 183.) Hence it was held, in the above case, that in an action by the plaintiff in execution against

the sureties of the sheriff, the fees of the officers are not recoverable.

The clerk, therefore, is the proper person to make the demand contemplated by the statute. It seems also clear to us, that should this demand be not complied with, the suit to enforce the payment of his costs may properly be brought in the name of the clerk. He is the true and equitable owner of the money, and, if collected from the sheriff in the name of the plaintiff in execution, it is for the use and benefit of the clerk.

There is some conflict of decision, as to whether a motion against a sheriff and his sureties, for failure to pay over money collected under execution, should be made in the name of the plaintiff in execution, or of the party entitled to receive the money thus collected; as, for instance, where the judgment has been assigned by the plaintiff.

It is believed, however, that wherever it is held that such proceeding must be instituted in the name of the assignor, the decision is based upon the common-law principle, that choses in action are not admissible, and suit upon them must be in the name of the legal owner. (Tolson v. Elmer, 1 Leigh, 479.) The tendency of our decisions is to give to the assignee and equitable owner the right to sue upon them in his own name, to follow the rules of equity in this respect in preference to the more formal one of the common law. We can see no reason why the same rule should not be applied to cases of the present kind; at least why the clerk, who has an original right to his costs when collected by the sheriff, without any assignment on the part of the plaintiff in execution, may not proceed directly in his own name to collect them, without using the name of a party who has no interest in them whatever.

We are of opinion that there was error in sustaining the exceptions to the motion, for which the judgment must be reversed, and the cause

REMANDED.