## Bush, Bunn & Co.'s Appeal.
## Wainwright & Co.'s Appeal.
## Hess, Rogers & Chambers's Appeal.

| 65 | 363 |
| 183 | 428 |
| 183 | 430 |

1. A party who sets up a title adverse to the proceedings by which money is brought into court for distribution, cannot come in for a share.

2. An assignee of the defendant by a transfer prior to a levy, is an adverse claimant.

3. The assignee of a bankrupt, when the proceedings in bankruptcy are after a lien under an execution attached, is in the same position.

4. A fi. fa. was issued on a judgment November 7th, and goods levied on; it was stayed November 14th. The defendant filed his petition in bankruptcy November 16th. November 18th a vend. ex. was issued and the goods sold by the sheriff. *Held*, that the proceeds were payable to the execution creditor not to the assignee in bankruptcy.

5. The assignee in bankruptcy was an adverse claimant under the proceedings.

6. The remedy of the assignee was as owner of the goods against the sheriff or his vendee.

7. In distribution no question can be made as to the regularity of the proceedings by which the money is brought into court.

8. Executions which are stayed are postponed primâ facie to subsequent executions; but *it seems* that this would be rebutted if it was not for indulgence to the debtor, but in diligent pursuit of his remedy by the creditor.

[Bush, Bunn & Co.'s Appeal.]

9. If on the day of a sheriff's sale an unexpected notice were given calculated to deter bidders, *it seems* that the plaintiff might stay the execution to take time to search into the validity of the claim, if he follows up his execution promptly.

10. Helfrich's Appeal, 3 Harris 382, Brant's Appeal, 8 Id. 141, Lantz *v.* Worthington, 4 Barr 153, recognised.

May 9th 1870.    Before Thompson, C. J., Agnew and Sharswood, JJ.

Appeal from the decree of the Court of Common Pleas of *Bedford county :* No. 43, to May Term 1869.   In the distribution of the proceeds of the sheriff's sale of the personal property of James B. Farquhar.

On the 18th of March 1867, James B. Farquhar executed judgment-notes to several creditors in Philadelphia, payable one day after date, viz. : Bush, Bunn & Co., for $1112.65; Wainwright & Co., for $509.49, and Hess, Rogers & Chambers, for $667.80.  On or about November 7th 1867, Farquhar executed judgment-notes to Reed & Schell, William Koontz, Thomas C. Reighart and James Steckman, residing in Bedford county.   Judgments were entered on all the notes in the Court of Common Pleas of Bedford county, on the 7th of November 1867.  On the same day executions were issued to November Term on all these writs, and placed in the sheriff's hands, "from five to sixteen minutes before five o'clock," P. M., of the same day, and the defendant's goods immediately levied on, the levy being entered on each writ and the sale advertised for the 14th of November.   On the day of sale, the writs were unconditionally stayed by the plaintiffs.   On the 16th "by one o'clock," Farquhar had made and sworn to his application for the benefit of the bankrupt laws.   On the 18th, the Philadelphia creditors issued writs of venditioni exponas, to February Term 1868.   The goods were sold under these writs, November 25th 1867, for $3164.25.   On the 29th, Farquhar was adjudged a bankrupt; at February Term 1868, the money was brought into court and John Morris, Esq., appointed auditor to report distribution.   On the 20th of February, John W. Lingenfelter was appointed assignee in bankruptcy.

The auditor, after awarding $200 to the defendant's landlord, reported as his opinion :—

"1. That in the cases of Reed and Schell, William Koontz, Thomas C. Reighart and James Steckman, the parties would be excluded from any participation in the distribution of this fund, because the proceedings having been commenced but a few days before the filing of Farquhar's petition in bankruptcy, were in fraud of the bankrupt law, and therefore void.

"2. That the cases of Bush, Bunn & Co., Wainwright & Co., and Hess, Rogers & Chambers, being founded on judgment-notes given eight months before the petition in bankruptcy was filed,

were not in fraud of the bankrupt law, and when the executions were issued acquired a lien upon the goods of the defendant, which that law could not interfere with.

" 3. That however valid and binding the liens of the several executions may have been when they came to the hands of the officer, they ceased when the writs were stayed, and were in law abandoned.

" 4. That when the entry, ' November 14th 1867, writs stayed, Reed & Spang, attorneys for plaintiffs,' was made on each writ without condition or reservation, the liens and all rights acquired under the writ ceased with it.

" 5. That the writs of vend. exp. were irregular, and would neither continue nor revive the liens of the fi. fas., their functions having terminated with the stay.

" 6. That from the 14th of November, the date of the stay, up to one o'clock of the 16th, when the defendant filed his petition in bankruptcy, the goods were not legally in the custody of the execution-creditors, nor of the sheriff for them, and that being the case, the moment the petition was filed the claims of the bankrupt law attached.

" 7. That the balance, after paying the costs of the audit, goes to the fund in bankruptcy."

Exceptions were taken to the auditor's report, which was confirmed by the court, and it was decreed that the balance should be paid to J. W. Lingenfelter, Esq., the assignee in bankruptcy.

Bush & Co., and the other Philadelphia creditors, appealed to the Supreme Court, and assigned the decree for error.

*J. C. Bullitt*, for appellants.—It was error for the auditor to declare the writs of vend. ex. irregular, as the fund before him and his whole authority was derived from them : Lewis *v.* Smith, 2 S. & R. 142 ; Stewart *v.* Stocker, 13 Id. 199 ; s. c. 1 Watts 135 ; Brant's Appeal, 8 Harris 141 ; Housekeeper's Appeal, 13 Wright 141 ; Beekman's Appeal, 2 Id. 385 ; Helfrich's Appeal, 3 Harris 382. A levy made previous to filing of petition in bankruptcy is good, although both are done on same day : In re John F. Smith and James Smith, 1 Bank. Reg. 169 ; In re Henry Bernstein, 6 Int. Rev. Rec. 223 ; In re Schnepff, 7 L. R. N. S. 204 ; Galbraith *v.* Fisher, 10 Harris 406. A writ of vend. ex. is a branch of the writ of fi. fa., not a distinct process : Hughes *v.* Rees, 4 M. & W. 468,; Sewall's Law of Sheriff 261 ; Lippincott *v.* Tanner, 1 Miles 287. A vend. ex. gives the officer no new authority : Beale *v.* Commonwealth, 7 Watts 186 ; Burd *v.* Dansdale, 2 Binn. 80. If writ is irregular, the sale is void, and passes no title in the goods sold : Hallowell *v.* Williams, 4 Barr 343 ; Camp *v.* Wood, 10 Watts 123 ; Gibbs *v.* Neely, 7 Id. 305. In judicial sales whether of real or personal property

there is no warranty: Freeman *v.* Caldwell, 10 Watts 9. The adjudication of bankruptcy is the time of filing the petition: Act of Congress of March 2d 1867, § 10–14; In re Charles G. Patterson, 6 Int. Rev. Rec. 157. Before appointment of assignee, the bankrupt is a trustee for the creditors: March *v.* Heaton, 2 B. R. 66. He cited also, Housekeeper's Appeal, 13 Wright 142; Bump's Bankruptcy 17–19, 39, note j, 161; Act of March 1867, §§ 1, 11, 14, 38.

*M. A. Points* and *J. Cessna*, for appellee, referred to the Bankrupt Act of 1867; In re Dean, 1 Bank. Reg. 26; 1 Law Times Bank. Rep. 9. The stay was fatal to the lien on the goods: Potts's Appeal, 8 Harris 253; Lantz *v.* Worthington, 4 Barr 153; Sedgwick's Appeal, 7 W. & S. 260; Finn *v.* Commonwealth, 6 Barr 460. The confession of a judgment in contemplation of bankruptcy is void for fraud: McLean *v.* Lafayette Bank, 3 McLean 185; Shawhan *v.* Wherritt, 7 How. 644; Bankrupt Law (Edwin James) 153, 175, and cases cited; Bump's Bankruptcy 117–119, 131, 132. An assignee may appear in any court: James 67, 68; In re Metzger, 2 B. R. 114; Foster *v.* Hackley, Id. 131; 2 L. T. B. 8; Bradshaw *v.* Klein, 1 B. R. 146; In re Hussman, 2 Id. 140; 2 L. T. B. 53. Suffering a creditor to take property of the debtor upon legal process is a transfer of the property to the creditor within the meaning of the 35th section, and the assignee is entitled to recover the property: In re Black & Secor, 1 B. R. 81; 2 Id. 65; 1 L. T. B. 39; Wilson *v.* Brinkman, 2 B. R. 149; Street *v.* Dawson, 1 B. L. T. 309; Fitch *v.* McGie, 2 B. R. 164; In re Patterson, 6 I. R. R. 157; 1 Benedict 509. If the officer has paid the money to the creditor, the assignee may recover it back: Edwards *v.* Sumner, 4 Cush. 393; Wheelock *v.* Hastings, 4 Met. 504; James 178. Property may be recovered from a creditor by an assignee. See also Viner's Abridgment 61; Street *v.* Dawson, 1 B. L. T. 369; Bill *v.* Beckwith, 2 B. R. 82. Notice to agent affects the principal: In re Meyer, 2 B. R. 137; In re Colman, Id. 172. Levy, after proceedings commenced, gives no priority: Pennington *v.* Sale & Phelan, 1 B. R. 157; Jones *v.* Leach, Id. 165.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—When money is raised upon an execution and paid into court for distribution, a party who sets up a title adverse to the proceedings cannot come in and claim any share. Thus if the goods of A. are sold upon an execution against B., A. cannot be heard to urge his right to the proceeds, however clear and indisputable may be his title to the goods. An assignee of the defendant by a transfer prior to the levy is an adverse claimant. It is every day's practice for such an assignee or vendee under a bill

[Bush, Bunn & Co.'s Appeal.]

of sale to give notice to the sheriff and at the sale, and pursue his remedy either by an action of trespass against the sheriff, if he had actual or constructive possession, or of trover or replevin against his vendee. The assignee of the bankrupt in this case stood in this position. If the original levy under the fieri facias was valid and subsisting, notwithstanding the stay of proceedings, and the venditioni exponas was a regular continuation of the process, he had no right to the money. The lien of the execution of the appellants was prior in date to the commencement of the bankrupt proceedings, and no question was made as to this being fraudulent. The auditor reports that these liens were unimpeachable. But the assignee contended that they were abandoned and gone by the stay of proceedings returned on the fieri facias, and that the writs of venditioni exponas were irregular and would neither continue nor revive the liens of the fi. fas., their functions having terminated with the stay. So the auditor reported, and upon this basis was the decree of distribution in the court below founded. Conceding this to be so, which, however, is done only for argument's sake, how did the question stand upon the claim of the bankrupt assignee? Either the writs of venditioni exponas were entirely void and passed no title to the goods to the vendee, or the lien started afresh when these writs were placed in the hands of the sheriff. In either alternative the bankrupt assignee had no standing in court. His claim was adverse to the proceedings. He maintains, and the auditor reports, that from the 14th of November, the date of the stay, up to one o'clock of the 16th, when the defendant filed his petition in bankruptcy, the goods were not legally in the cutody of the execution creditors nor of the sheriff for them, and that being the case, the moment the petition was filed the claim of the bankrupt law attached: in other words, by relation the title of the goods passed from the defendant and vested in the bankrupt assignee. It is clear then upon his own showing, his claim was adverse; he maintained that the title to the goods sold was not in the defendant, when seized and sold by the sheriff under the venditioni exponas. His remedy therefore was by action against the sheriff's vendee or the sheriff himself.

In Helfrich's Appeal, 3 Harris 382, it was decided that in the distribution of the proceeds of a sheriff's sale of real estate, a grantee who claimed the land by conveyance from the defendant in the execution anterior to the judgments against him, is not entitled to the proceeds of sale in preference to the judgment-creditors. If his title is valid it may be set up against the claim of the purchaser at sheriff's sale. So in Brant's Appeal, 8 Harris 141, it was laid down that in a case of distribution no question can be made concerning the regularity of the proceedings under which the fund was brought into court. Many other authorities might

[Bush, Bunn & Co.'s Appeal.]

be cited in illustration and support of these principles; but it is deemed unnecessary to elaborate the subject further.

It must not be understood, however, that we hold that in these cases the liens of the original levies were gone by the stay. We intimate no opinion on that point. Primâ facie no doubt they would be postpóned to subsequent executions : according to Eberle v. Mayer, 1 Rawle 366, and other cases. But it does not follow that this prima facies may not be rebutted by showing that it was not for the purpose of delay and indulgence to the debtor, but in the strict and diligent pursuit of his remedy by the creditor. Thus if on the day of sale an unexpected claim and notice were given calculated to terrify and deter bidders, there would seem good reason for saying that the plaintiff, desirous of taking time to look into the validity of the claim, may order the sheriff either to post-pone the sale or to return the writ 'stayed,' and if in the latter case he follows it up promptly by issuing a writ of venditioni expo-nas, he shall not be held to have lost his original lien. In Lantz v. Worthington, 4 Barr 153, Gibson, C. J., says : " The legitimate end of an execution is to have the money at the return of the writ or for good reasons set forth in the return, to hold the property for another writ, not to favor the debtor by securely giving him time or a deceptive appearance of ownership." The other writ here referred to is the venditioni exponas, which issues to command a sale where there has been a previous levy. See Beale v. The Commonwealth, 11 S. & R. '299, s. c. 7 Watts 183 ; Frisch v. Miller, 5 Barr 310.

> Decree reversed, and now it is ordered that the fund in court be distributed to the executions of the appel-lants, and that the record be remitted to the court be-low, that a decre may be there made according to this opinion.