*Twenty-first Judicial District.*

In the Court of Common Pleas of Schuylkill County.

## KLOPP et al. v. BREITENBACH.

The holding of an inquisition, under the 44th section of the act of the 16th June, 1836, is a judicial act, and must be performed by the sheriff himself. If held by a deputy it is invalid, though it may bind the sheriff.

**Exceptions to the confirmation of the sheriff's inquisition.**

Opinion by

WALKER, J.    There are eight exceptions filed to the approval of the sheriff's inquisition in the above cases.

The only ones that are now material are the fourth and fifth, as to the legality of the inquest, upon the ground of its not being held by the sheriff, as required by the provisions of the 44th section of the act of 16th June, 1836. (Purdon's Dig. 646, pl. 55, P. L. 769.)

The depositions show that the inquisition was held by the deputy, in the absence of the sheriff, though the jurors had been previously summoned by the sheriff and sworn by him.

The act of assembly makes it the duty of the sheriff, whenever real estate shall be taken in execution, to summon an inquest for the purpose of ascertaining whether the rents and profits of such estate, beyond all reprises, will be sufficient to satisfy the judgment upon which such execution was issued within seven years, and he shall also make return in due form of law of the inquisition so taken, to the court, with the writ.

If this be a *judicial* act, the sheriff must perform it himself, and he cannot depute another to do it.

In general, ministerial officers cannot appoint deputies. Roll Rep. 274; Comyer's Dig. "Office" D. 1, unless the office is to be exercised by the ministerial officer in person; and when the office partakes of a judicial and ministerial character, although a deputy may be made for the performance of ministerial acts, *one cannot be made for the performance of a judicial act. The sheriff, therefore, cannot make a deputy to hold an inquisition.* Bouvier's Law Dictionary 462, under head of "Deputy." A deputy cannot make a deputy, except to do a particular act. 1 Salk. 96.

The Supreme Court have decided, in McMasters v. Carothers, 1 Barr 324, that a deputy sheriff cannot deputize another to select and summon a jury of inquest, *nor will the subsequent assent of the parties validate such act.*

In Ayres v. Novinger, 8 Barr 412, they ruled that the sheriff, or his regular deputy alone can select a jury under the landlord and tenant act. This last case was overruled so far as relates to the power of the deputy, in the Pennsylvania R. R. Co. v. Heister, 8 Barr 445, where that court held that it was irregular for the sheriff to select a jury from a list of names prepared by his deputy.

Judge Rogers says, on page 452 of that case: "On more mature reflection I am satisfied that none but the sheriff himself is competent to perform that duty. *It is a judicial act, requiring judgment and discretion, which cannot be deputed to another.*" So a valid *return* can only be made by the sheriff himself. Beale *v*. Commth. 7 Watts 183, per Gibson, C. J. Though, if allowed to stand, it binds the sheriff. Andrews *v*. Linton, 1 Salk. 265.

To the same effect is McMullin *v*. Orr, 8 Phila. Rep. 343, and of Haberstroh *v*. Toby, 1 Legal Chronicle 387, where Judge Harding decided that the holding of an inquisition is a judicial act and must be done by the sheriff. If the *summoning* of the inquest and the *return* of the writ be judicial in their nature (as have already been decided by the Supreme Court), a fair construction of the act of assembly would also make the *holding* of the inquisition a *judicial* act, for each act is only a part of one duty, and all are inseparably connected; and in *holding* the inquest for the purposes of the law, as much, if not more, judgment and discretion are required, as in *summoning* the jurors, or making *return* of the writ. There is no good reason why we should hold differently. No unfairness is attributed to the worthy and efficient deputy of the sheriff, but the practice is against the law and should be discontinued. It might become, under certain circumstances, a fruitful source of abuse, and, as Judge Rogers says, might "*strike at the usefulness of one of our best institutions.*"

These exceptions are, therefore, sustained and *the inquisition set aside.*