# Flick's Case.

*Public officers—City solicitor—Fees—Title to office—Quo warranto.*

A rule on the prothonotary to pay over to a person claiming to be
the solicitor of a city, the statutory docket fees allowed to attorneys
under the Act of April 2, 1868, P. L. 3, involves a question of title to
office, where it appears that the judgments on which the fees were
claimed, had been entered on the motion of another attorney who
claimed to be the city solicitor.   In such a case the proper remedy of

the claimant of the fees was by a writ of quo warranto to test the other attorney's right to act as city solicitor.

Argued Oct. 23, 1911. Appeal, No. 258, Oct. T., 1910, by E. H. Flick, from order of C. P. Blair Co., Oct. T., 1900, No. 37, discharging rule on prothonotary to pay over docket fees ·In re Rule at Instance of E. H. Flick on J. L. Hartman, Prothonotary. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule on prothonotary to pay over docket fees allowed to attorneys under the Act of April 2, 1868, P. L. 3. Before BALDRIGE, P. J.

The opinion of the Superior Court states the facts.

*Error assigned* was order discharging the rule.

*W. C. Fletcher*, for appellant, cited: Flick v. Harpham, 13 Pa. C. C. Rep. 648.

*Thos. C. Hare*, for appellee, cited: Com. v. McCombs, 56 Pa. 436; Fahnestock v. Clark, 24 Pa. 501; Gilroy's App., 100 Pa. 5.

OPINION BY PORTER, J., March 1, 1912:

The appellant presented his petition to the court below averring that he had been duly elected solicitor of Altoona city for and during the term from May 9, 1892, until May 14, 1894; that as such solicitor there became due him certain docket fees, upon judgments entered during said term in favor of the city of Altoona, upon written motions of N. P. Mervine, Esq., claiming at the time to have been the duly elected city solicitor for and during the said term; that said docket fees had been paid to the prothonotary who still held them, and the petitioner prayed for a rule to show cause why the said fees should not be paid to him. The prothonotary filed an answer to the rule admitting the possession of the money, but stating that he did not

know who was the legally elected solicitor of the city of Altoona during the period in question, that he did not know whether the money should be paid to E. H. Flick, the petitioner, or to N. P. Mervine, Esq., and praying the court to treat him as a stakeholder of the fund and determine to which of the claimants it rightfully belonged. The answer of N. P. Mervine, Esq., to the rule averred that he had been the legally elected solicitor of the city of Altoona during the period in question and had acted as such; that he had appeared of record as attorney for the city and instituted and prosecuted to judgment the suits in which the docket fees in question became due to him as costs. The appellant took no testimony in support of his contention, relying wholly upon the assertion of his petition that he had been, during the term in question, the legally elected solicitor of the city. Depositions were taken on behalf of the respondent, N. P. Mervine, Esq., which disclosed that he had been the only attorney appearing of record for the city in the various suits in which these docket fees became due as costs and that he had prosecuted said suits to judgment, that the appellant had done nothing in any of these suits prior to the entry of the judgment therein, and that the only thing he ever did was to cause his appearance to be entered as attorney for the city a few days before his alleged term of office expired, and long after the judgments in the several suits had been entered. The court discharged the rule which it had granted at the instance of the appellant, to which order the latter excepted, and from it now appeals.

The petition which the appellant presented to the court below disclosed upon its face that there had existed a substantial dispute between himself and another member of the bar as to which had been duly elected city solicitor and had the right to act as such, during a period which covered the time when the judgments in the suits in question were entered. The answer of the appellee admitted the existence of such a dispute, and set forth in detail the circumstances out of which that dispute arose. The con-

troversy involved questions as to when the term of office
of the appellee began and ended, as well as the regularity
of the election of the appellant by the city councils.  It
clearly appeared that the appellant had taken no steps
to assert his right to receive these docket fees until more
than six years after both parties to the controversy had
admittedly been out of office.  It was an undisputed fact
that the appellee alone had acted as attorney for the city
in instituting and prosecuting to judgment the more than
100 suits in which the docket fees in question were earned.
The fees in question were taxed under the provisions of the
ninth section of the Act of April 2, 1868, P. L. 3, which in
this language authorize such taxation: "The attorneys-at-
law of the several courts of this Commonwealth shall be
entitled to receive: For every suit prosecuted to judgment,
discontinuance or non-pros., the sum of $3.00."  The fee
thus authorized to be taxed as costs is the property of the
attorney who prosecutes the suit to judgment, and not
of the client whom he represents: Beale v. Com., 7 Watts,
183; Pontius v. Com., 4 W. & S. 52; Com. v. McCoy, 8
Watts, 153.  These costs are by the statute allowed to
"The attorneys-at-law of the several courts of this Com-
monwealth," who prosecute the suit to judgment.  The
record ordinarily discloses who has appeared as attorney
for the plaintiff, and the attorney so appearing and pros-
ecuting the suit to judgment has certainly a prima facie
right, at least, to the docket fee.  The question is not
who has the general right to appear in litigation to repre-
sent a plaintiff, but who has, as attorney, in that particu-
lar case prosecuted the suit to judgment.  The appellant
conceded that all of the suits in question had been pros-
ecuted to judgment by the appellee, as attorney of record
for the city.  We are not now dealing with a case in which
a city solicitor is paid a fixed salary and is required by law
to pay all the fees received by him into the city treasury.
This appellant is asserting a personal right to take this
money.  He contends that no person but the city solicitor
had a right to represent the city, and that, therefore, all

docket fees in cases prosecuted to judgment for the city are the individual property of the man who happens to be city solicitor at the time. If this assertion of the exclusive right of a city solicitor to appear as attorney of record for the city is to be sustained, then it follows that when the appellee was openly acting as attorney for the city in the suits in question he was exercising one of the functions of the city solicitor. This being the case the only way in which the rival claimant of the office, this appellant, could raise the question of the right of the appellee to act as city solicitor, was by a writ of quo warranto; he could not wait until after the judgment had been obtained and collected and then raise the question upon the taxation of the costs: Fahnestock v. Clark, 24 Pa. 501; Com. v. McCombs, 56 Pa. 436; Gilroy's App., 100 Pa. 5.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.