## Swack *v.* Beeman et al., Appellant.

Argued April 15, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*W. N. Conrad,* for appellant.

*N. F. Womer,* for appellee.

Opinion by Gawthrop, J., July 8, 1931:

This is an appeal by the claimant from the discharge of a sheriff's rule for interpleader. On December 11, 1929, plaintiff entered in the court below a judgment against S. E. Beeman and issued execution thereon. On December 12, 1929, the sheriff levied on six cows as the property of Beeman, they being in his possession, and advertised a sale. On December 26, 1929, Beeman made what purports to be an assignment to the Brookville Title & Trust Company, appellant, for the benefit of creditors. The deed of assignment was acknowledged December 30, 1929, but was not recorded until June 21, 1930. It provided that "the status quo of each and every claim shall

be determined as of December 24, 1929.'' The sheriff's return to the above mentioned writ of fieri facias, under date of December 30, 1929, shows that he continued the sale one month ''by order of the attorney in this writ.'' On January 3, 1930, plaintiff issued an alias writ of fieri facias on his judgment and on the followng day the sheriff made a second levy on defendant's cows. On or about January 17, 1930, the Trust Company notified the sheriff that the cows levied upon belonged to it as trustee. On January 24, 1930, the sheriff entered a rule for an interpleader, the rule was granted, and notice thereof was given to the plaintiff and defendant in the execution and to the claimant. The latter filed an answer setting up the deed of assignment to it and averring that by virtue thereof it acquired the legal title to the cows. After a hearing the court discharged the rule and in that action we find no error. It was stated in Book v. Sharpe, 189 Pa. 44, that there is nothing in the Interpleader Act of May 26, 1897, P. L. 95, to indicate that any change was intended to be made in the extent of the court's province or the method of its exercise in regard to the granting or refusing of the issue, and that in general the granting or refusing of an issue is a matter of discretion in the court below with which the Supreme Court will not interfere. It was held by Judge THAYER in Rodgers v. Douglass, 8 W. N. C. 191, that no title acquired subsequent to a levy can be the subject of an interpleader. This rule is sufficient justification for the action of the court below. Plaintiff's levy was made by the sheriff before appellant acquired any rights in the cows under the deed of assignment. The levy never was lost. In the words of Chief Justice GIBSON in Beale v. The Commonwealth, 7 Watts 183, 186, ''it is text law, that a sheriff may sell on a fieri facias after the return of his writ.'' But the action of the court was right for other reasons. The record

shows that appellant failed to comply with the requirements of the Act of June 4, 1901, P. L. 404, relating to insolvency, to the extent necessary to acquire the rights of an assignee under the act. But even if it be conceded that appellant had such rights, then it was its duty to proceed under Section 16 of the act, by applying to the court below to vacate and set aside plaintiff's execution. For these reasons it is clear that the discharge of the rule by the court below was not an abuse of his legal discretion.

The judgment is affirmed.